IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JANICE GLAZNER, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF BETTIE NELSON, DECEASED, JAMES RICHARD NELSON, INDIVIDUALLY AND WENDELL KEETCH | § § § § § § | |
| VS. | § § | C.A. NO. _____ |
| CHRYSLER GROUP, LLC | § | JURY DEMAND |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:

COME NOW, JANICE GLAZNER, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF BETTIE NELSON, DECEASED, JAMES RICHARD NELSON and WENDELL KEETCH, Plaintiffs herein, complaining of CHRYSLER GROUP, LLC, (hereinafter referred to as "Chrysler"), Defendant herein, and for cause of action would show as follows:

I.
**NATURE OF CASE**

1. On or about February 4, 2011, Fidel Flores, Jr. was driving his 2006 Dodge Durango SUV, VIN 1D4HD38K86F104064 (the "subject vehicle") on Rodd Field Road near McArdle Road in Corpus Christi, Nueces County, Texas. As Mr. Flores drove north on Rodd Field Road, his vehicle began to accelerate and he was not able to brake to slow the vehicle. As a result, he drove through the intersection at McArdle Road, and he crashed through a brick wall into a condominium building. In the condominium building, the vehicle struck Bettie Nelson and Wendell Keetch. Ms. Nelson was killed, and Mr. Keetch suffered life-threatening injuries.

2. Plaintiffs would further show the Court that the "subject vehicle" was designed, manufactured, and marketed by Defendant Chrysler.

## II.
## JURISDICTION AND VENUE

3. This Court has jurisdiction over this suit pursuant to 28 U.S.C. § 1332(a)(1) because the Plaintiffs and the Defendant are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the accident which forms the basis of this lawsuit occurred within this District.

## III.
## THE PARTIES

5. Plaintiff, Janice Glazner is a resident of Houston, Texas, and brings suit herein in her capacity as Representative of the Estate of Bettie Nelson, Deceased, and in her individual capacity as a wrongful death beneficiary.

6. Plaintiff, James Richard Nelson is a resident of Dallas, Texas, and brings suit herein in his individual capacity as a wrongful death beneficiary

7. Plaintiff, Wendell Keetch, is a resident of Corpus Christi, Texas, and brings suit herein in his individual capacity.

8. Defendant, Chrysler Group, LLC, is a foreign corporation, doing business, engaging in business and transacting business in the state of Texas and in Nueces County, Texas, with business offices throughout the state of Texas and may be served through its Texas registered agent for service, CT Corporation Systems, 350 N. St. Paul Street, Ste. 2900, Dallas, Texas 75206.

9. All conditions precedent have been performed or have occurred.

## IV.
## STRICT PRODUCTS LIABILITY CAUSE OF ACTION
## AGAINST DEFENDANT CHRYSLER

10.     Plaintiffs adopt and reallege all prior paragraphs as if fully set forth herein.

11.     At all times relevant to this lawsuit, Chrysler was in the business of manufacturing, selling, and otherwise placing into the stream of commerce, vehicles such as the "subject vehicle." At all times material hereto, as part of its business, Chrysler was regularly engaged in business in Texas, and in Nueces County, by designing, manufacturing, and selling vehicles which are intended to and do reach ultimate consumers located in Nueces County, Texas, including "the subject vehicle." The "subject vehicle" was designed, manufactured and sold by Chrysler, and Chrysler is legally liable for defects in said vehicle under the doctrine of strict liability in tort.

12.     At the time the "subject vehicle" left the hands of Chrysler, said vehicle contained one or more design defects. These design defects include an inadequate fault detection system. This fault detection system was not robust enough to anticipate foreseeable serious unwanted outcomes including unintended accelerations. Additionally, these electronic systems and their various components were defectively designed and manufactured in that they were highly susceptible to malfunction caused by various electronic failures, including but not limited to, short circuits and electromagnetic interference from electromagnetic sources outside the vehicle. Additionally, the 2006 Durango was defective in that it failed to include a brake override or fail-safe device to impede or stop the sudden unexpected acceleration of the subject Durango, although such a feasible alternate design was available and had been used by other prominent manufacturers. This defective and unreasonably dangerous condition was a producing cause of the accident in question and of the injuries to Wendell Keetch and the injuries

and consequent death of Bettie Nelson, the physical pain and mental anguish they suffered, and of the damages suffered by Plaintiffs.

13. At the time the "subject vehicle" left the hands of Chrysler, the vehicle contained one or more manufacturing and design defects, in that the component parts of the engine, during the manufacturing and design process, did not sufficiently control the sudden and unintended acceleration of the subject vehicle, which defects were a producing cause of the injuries to Wendell Keetch, the injuries to and subsequent death of Bettie Nelson, and of the damages suffered by Plaintiffs.

14. It was entirely foreseeable, well known, and intended by Chrysler that its vehicles would be used in the manner and fashion in which Fidel Flores, Jr. used his 2006 Dodge Durango at the time of the accident.

15. Chrysler defectively designed, manufactured, marketed, and distributed Fidel Flores, Jr.'s 2006 Dodge Durango.

16. The defective and unreasonably dangerous condition of the subject vehicle was a producing cause of the injuries to Wendell Keetch and injuries to and subsequent death of Bettie Nelson resulting in damages sustained by Plaintiffs.

## V.
## NEGLIGENCE CAUSE OF ACTION AGAINST DEFENDANT CHRYSLER

17. Plaintiffs adopt and reallege all previous paragraphs as if fully set forth herein.

18. Chrysler had a duty to exercise reasonable care in the design, manufacture, testing, marketing, assembly, and distribution of the subject vehicle to ensure that it was not unreasonably dangerous for its foreseeable or reasonably anticipated uses.

19. Chrysler was negligent in the design, manufacture, marketing and sale of the "subject vehicle," which negligence was a proximate cause of the events made the basis of this suit. Such negligence includes, but is not limited to, the failure to properly and

adequately test the vehicle for its susceptibility to loss of control due to sudden and unintended acceleration under foreseeable driving circumstances and failing to act with reasonable care to protect users and occupants of the vehicle after gaining knowledge of other incidents of sudden and unintended acceleration.

20. Chrysler knew, or in the exercise of ordinary care should have known, the subject vehicle was defective and unreasonably dangerous with a reasonable chance of experiencing sudden, unintended acceleration.

21. The negligence of Chrysler was a proximate cause of the injuries to Wendell Keetch, the injuries to and subsequent death of Bettie Nelson, and Plaintiffs' resultant damages.

## VI.
## DAMAGES

22. Nearly all of the elements of damages for personal injury and wrongful death are unliquidated and, therefore, not subject to precise computation. Plaintiffs seek to recover damages in amounts that the jury finds the evidence supports and that the jury finds to be appropriate under all of the circumstances.

### A. BETTIE NELSON'S SURVIVAL DAMAGES

23. As a result of the incident in question, Bettie Nelson sustained excruciating pain, mental anguish, and terror associated with the knowledge of her impending death and the devastation of leaving her family. Her estate is entitled to recover for her mental anguish, physical pain, and necessary funeral and burial bills and expenses, for which recovery is sought herein in an amount far in excess of the minimum jurisdictional limits of this Court. Plaintiffs further sue for recovery and pre-judgment and post-judgment interest as provided by law.

### B. WENDELL KEETCH'S INJURIES

24. Wendell Keetch was severely injured in the incident in question. As a result of the conduct of Defendant, Wendell Keetch suffered severe, permanent and disabling injuries. He sustained past and future reasonable and necessary medical expenses for the care and treatment of his injuries; physical impairment, both past and future; physical pain and mental anguish, both past and future, and a diminution of enjoyment of life, both past and future, all in excess of the minimum jurisdictional limits of this Court.

### C. WRONGFUL DEATH DAMAGES OF JANICE GLAZNER

25. Decedent, Bettie Nelson, was 80 years of age at the time of her death. She was in good health with a reasonable life expectancy. During her lifetime, the decedent was a good, caring mother and grandmother who gave comfort and companionship to her family. In all reasonable probability, she would have continued to do so for the remainder of her natural life.

26. As a result of the death of her mother, Janice Glazner, her biological daughter, has suffered damages in the past and in the future, including pecuniary damages, mental anguish, loss of companionship, loss of consortium, and loss of inheritance, for which damages are sought under the Texas Wrongful Death Act in an amount far in excess of the minimum jurisdictional limits of this Court.

### D. WRONGFUL DEATH DAMAGES OF JAMES RICHARD NELSON

27. Decedent, Bettie Nelson, was 80 years of age at the time of her death. She was in good health with a reasonable life expectancy. During her lifetime, the decedent was a good, caring mother and grandmother who gave comfort and companionship to her family. In all reasonable probability, she would have continued to do so for the remainder of her natural life.

28. As a result of the death of his mother, James Richard Nelson, her biological son, has suffered damages in the past and in the future, including pecuniary damages,

mental anguish, loss of companionship, loss of consortium, and loss of inheritance, for which damages are sought under the Texas Wrongful Death Act in an amount far in excess of the minimum jurisdictional limits of this Court.

29.     Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## VII.
## JURY DEMAND

30.     Plaintiffs request a trial by jury for all issues of fact.  A jury fee has been paid timely and properly.

## VIII.
## PRAYER

　　　　WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from Defendant for their actual damages in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, and such other and further relief to which they may show themselves to be justly entitled.

　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　   /s/ Jeffrey G. Wigington
　　　　　　　　　　　　　　　　　  Jeffrey G. Wigington
　　　　　　　　　　　　　　　　　  State Bar No. 00785246
　　　　　　　　　　　　　　　　　  Federal I.D. No. 16462
　　　　　　　　　　　　　　　　　  ATTORNEY-IN-CHARGE

OF COUNSEL:

WIGINGTON RUMLEY DUNN, LLP
123 North Carrizo Street
Corpus Christi, Texas  78401
Telephone:    (361) 885-7500
Facsimile:    (361) 885-0487

AND

Anna C. Huff Brunkenhoefer
State Bar No.:  24069437
Federal ID No.:  1064476
Brunkenhoefer Law Firm, P.C.
606 N Carancahua Ste # 1200
Corpus Christi, TX 78476
Telephone:    (361) 888-8808
Facsimile:     (361) 888-6753